### State of Vermont v. Dorothy R. Snyder

[184 A.2d 546]

September Term, 1962

Present: **Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed September 20, 1962

*John A. Rocray,* State's Attorney, for the State.

*Kissell & Kissell* for the respondent.

**Per Curiam.** The State has moved to dismiss respondent's appeal from a speeding conviction. It argues that the time for filing an appeal expired prior to the entry of judgment. Trial was held by court on October 10, 1961. At the close of all the evidence the judge announced that he found the respondent guilty. The respondent moved for findings and, on November 9, 1961, written findings were filed. At that time there was also filed a document denying certain motions of the respondent, which also stated: "The *Verdict* of the Court at the close of all of the evidence is that the respondent is Guilty

as charged." On November 27, 1961 the respondent made a motion to dismiss the action, which was denied. The State then moved for judgment and the motion was granted. On December 21, 1961 the respondent filed a notice of appeal.

The State's position is that the time period for filing a notice of appeal in this case commences with the determination of guilt, not with the date of entry of judgment as required by 12 V.S.A. §2383. It says that judgment must be withheld for thirty days after the finding or verdict of guilty, during which time the notice of appeal must be filed. As authority it cites the statute on criminal appeals, 12 V.S.A. §2388, which reads as follows:

> "In criminal causes where the respondent has been convicted of a misdemeanor or of a felony which may subject him to capital punishment, judgment, sentence and execution shall be stayed pending the expiration of the period allowed for filing a notice of appeal. Upon timely filing of such notice, judgment, sentence and execution shall be stayed pending determination of the appeal. In other criminal causes, judgment, sentence and execution shall be stayed only at the discretion of the court and upon order made."

We cannot accept an interpretation of this statute that renders it inconsistent with 12 V.S.A. §2383, where the language does not compel such a result. The quoted statute does not require that entry of judgment be withheld after a respondent is found guilty. Instead, it guarantees to the respondent seeking to appeal that a judgment, or even sentence, when entered, will not become operative until the time for entering an appeal has expired or the appeal heard, unless his conviction is for a felony not calling for capital punishment. Even there, the court, by order, may stay the judgment rendered and the sentence, if passed. The stay prevents the judgment taking effect; it does not prohibit its entry.

Since the notice of appeal was filed within thirty days of the date the entry of judgment was noted, it is not out of time.

*Motion denied.*